# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LECEDRIC JOHNSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-4274** |
| **STATE OF LOUISIANA, ET AL.** | **SECTION "R" (4)** |

## REPORT AND RECOMMENDATION

This matter has been referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. §§ 636(b)(1)(B) and (C), 1915(e)(2), and 1915A** and, as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

### I. Factual Background

The plaintiff, LeCedric Johnson ("Johnson"), a state prisoner, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against the State of Louisiana through Attorney General Charles Foti, Louisiana Department of Public Safety and Corrections Secretary James LeBlanc, and Warden Robert Tanner. As relief, Johnson seeks: (1) a declaration that La. R.S. § 14:106 is unconstitutional as applied to certain offenses committed in prison; (2) a declaration that La. R.S. § 15:574.4(S) is unconstitutional; and (3) an award of monetary damages.

In the complaint, Johnson alleges that, while he was incarcerated based on an unrelated conviction, he pleaded guilty to obscenity in violation of La. R.S. § 14:106 for masturbating in his cell and was sentenced to an additional consecutive term of sixth months imprisonment. He further

alleges that, subsequent to that obscenity conviction, the Louisiana Legislature amended La. R.S. § 15:574.4 to add subsection S which requires that the Louisiana Department of Public Safety and Corrections approve a residence plan before a person convicted of certain sex offenses may be released on parole.[1] Johnson further alleges that Bobbi Jo Breland, the Classification Officer at the B.B. "Sixty" Rayburn Correctional Center, informed him that he is subject to the residence plan approval requirement before he may be released on parole.

In this lawsuit, Johnson argues that La. R.S. § 14:106, the obscenity statute he was convicted of violating, is unconstitutional as applied to offenses such as his which were committed in a prison. He also argues that La. R.S. § 15:574.4(S) violates the federal and state equal protection and due process clauses because it subjects only sex offenders to the residence plan requirement. He further argues that because La. R.S. § 15:574.4(S) was added to the law after his latest offense, it is unconstitutional to retroactively apply the new provision to him.

## II. **Standard of Review**

When a prisoner files an *in forma pauperis* civil action seeking redress from a governmental entity or officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without service of process if it is frivolous. 28 U.S.C. §§ 1915(e)(2) and 1915A; *Ali*

---

[1] Subsection S was added to La. R.S. § 15:574.4 by Act No. 26, which was approved on May 12, 2006. La. R.S. § 15:574.4(S) provides:

> (1) In cases where parole is permitted by law and the offender is otherwise eligible, the Board of Parole shall not grant parole to any sex offender either by an order of the Board of Parole or office of adult services pursuant to R.S. § 15:571.3 until the Department of Public Safety and Corrections, division of probation and parole, has assessed and approved the suitability of the residence plan of such offender. In approving the residence plan of the offender, the department shall consider the likelihood that the offender will be able to comply with all of the conditions of his parole.
> (2) For purposes of this Subsection, "sex offender" shall mean any offender who has been convicted of, or where adjudication has been deferred or withheld for, the perpetration or attempted perpetration of a violation of a sex offense as defined in R.S. § 15:541.

2

*v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). A complaint is frivolous "if it lacks an arguable basis in law or fact." *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination that a complaint is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986). District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias*, 23 F.3d at 97.

Although broadly construing Johnson's complaint, the Court nevertheless finds that, for the following reasons, the complaint should be dismissed as frivolous.

### III. § 1983 Claims

As an initial matter, the Court notes that Johnson challenges as unconstitutional both the statute under which he was convicted and that the statute pursuant to which he allegedly remains confined. Those claims, which attack the very fact and duration of his physical imprisonment, are at their core habeas claims. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). Nevertheless, Johnson's

3

complaint is not a habeas petition and he does not expressly request habeas relief, *i.e.*, immediate or speedier release from imprisonment.[2]

Rather, Johnson brought this lawsuit pursuant to 42 U.S.C. § 1983, and he seeks only declaratory and injunctive relief and monetary damages. However, even if his claims are considered under § 1983, they are currently barred for the following reasons.

The United States Supreme Court has limited the availability of § 1983 actions for prisoners in certain instances. Of relevance here, the Supreme Court has stated that a § 1983 plaintiff may not recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions which would render a conviction or sentence invalid, until such time as his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Under *Heck*, a plaintiff's federal claim for damages is therefore barred as premature if a judgment in his favor on the claim would "necessarily imply" the invalidity of his state conviction or his confinement. *Hudson v. Hughes*, 98 F.3d 868, 872 (5th Cir. 1996). *Heck* has been extended to also bar claims for declaratory and injunctive relief. *See, e.g., Walton v. Parish of LaSalle*, 258 Fed. App'x 633, 633-34 (5th Cir. 2007); *Collins v. Ainsworth*, 177 Fed. App'x 377, 379 (5th Cir.

---

[2] Out of an abundance of caution, the Court notes that Johnson is not entitled to habeas corpus relief. Before seeking habeas relief under wither 28 U.S.C. § 2241 or 2254, a state prisoner must first exhaust available state court remedies. *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Howard v. Vedros*, Civil Action No. 94-0426, 1994 WL 117781 (E.D. La. Mar. 25, 1994). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). On January 14, 2009, a staff member of this Court confirmed with the Clerk of the Louisiana Supreme Court that Johnson has filed no applications with that court. Accordingly, he has not met the exhaustion requirement for federal habeas corpus relief.

4

2005); *Shaw v. Harris*, 116 Fed. App'x 499, 500 (5th Cir. 2004). Claims barred by *Heck* are legally frivolous. *Hamilton v. Lyons*, 74 F.3d 99, 102-03 (5th Cir. 1996).

In the instant case, a judgment in Johnson's favor finding that the challenged statutes are unconstitutional would necessarily imply the invalidity of his conviction for obscenity and his continued imprisonment. Accordingly, his § 1983 claims challenging La. R.S. §§ 14:106 and 15:574.4(S) as unconstitutional and his requests for declaratory and injunctive relief and monetary damages are currently barred by *Heck*.

## IV.     State Law Claims

Johnson indicates in the complaint that he is also asserting claims under state law. However, if Johnson's federal claims are dismissed as recommended, it is appropriate for the Court to decline to exercise supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction."); *see also Bass v. Parkwood Hospital*, 180 F.3d 234, 246 (5th Cir. 1999) ("When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims.").

## V.      Recommendation

It is therefore **RECOMMENDED** that LeCedric Johnson's § 1983 claims be **DISMISSED WITH PREJUDICE** to their being asserted again until the *Heck* conditions are met.

It is **FURTHER RECOMMENDED** that LeCedric Johnson's state law claims be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being

served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 23rd day of January, 2009.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**